UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCOTT MYERS,<br><br>Plaintiff,<br><br>v.<br><br>MIDDLESEX COUNTY HOUSE OF<br>CORRECTION, et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 14-14107-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                                         January 6, 2015

For the reasons set forth below, within 42 days of this Memorandum and Order, plaintiff shall (1) either pay the $400.00 filing and administrative fees or file an application to proceed *in forma pauperis* accompanied by a certified prison account statement; and (2) show cause in writing why this action should not be dismissed or file an amended complaint curing the pleading deficiencies noted herein. Plaintiff's requests for injunctive relief and appointment of counsel are denied without prejudice. No summonses shall issue until further Order of the Court.

## BACKGROUND

On November 3, 2014, Scott Myers ("Myers"), an inmate in custody of the Middlesex County House of Correction, filed a *pro se* complaint but failed to pay the filing fee or to seek a waiver thereof. The crux of the complaint concerns allegations of inadequate access to legal materials while Myers was initially held at the Plymouth County Correctional Facility and continuing through his current detention at the Middlesex County House Of Correction. Plaintiff seeks a injunctive and monetary relief as well as appointment of counsel.

**DISCUSSION**

**I.      The Filing Fee**

A party bringing a civil action must either (1) pay the $350.00 filing fee and the $50.00 administrative fee[1], see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Where, as here, the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

Here, plaintiff failed to pay the filing fee or file an application to proceed *in forma pauperis* accompanied by a certified prison account statement. Therefore, Myers will be granted additional time either to pay the $400 filing fee in its entirety, or file an application to proceed *in forma*

---

[1]The $50.00 administrative fee became effective May 1, 2013; it does not apply to persons proceeding *in forma pauperis*. See Judicial Conference Fee Schedule.

*pauperis* accompanied by a certified copy of his prison account statement for the six month period preceding the filing of this action. Upon receipt of the requisite prison account information, a separate Order shall issue with respect to the filing fee assessment.

**II.     Review**

Because Myers is a prisoner, he is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings *in forma pauperis)*; 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Section 1915A also authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

Plaintiff's *pro se* pleadings must be construed generously. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept., 209 F.3d 18, 23 (1st Cir. 2000). Even reading Myers' complaint with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir.1991), due to his *pro se* status, see id., the

complaint is subject to dismissal for failing to state a claim upon which relief may be granted.

### III. Myers' Complaint is Subject to Dismissal

Upon review of the complaint, this Court finds that the action is subject to dismissal. "Generally speaking, 42 U.S.C. § 1983 provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" Grapentine v. Pawtucket Credit Union, 755 F.3d 29, 31 (1st Cir. 2014). To state a claim under that statute, a plaintiff must assert two allegations: (1) "that some person deprived [her] of a federal right," and (2) that such person "acted under color of state or territorial law." Id. (citations omitted).

Here, the two defendants named in the complaint are subject to dismissal as parties to this action. Prisons and departments thereof generally are not deemed to be "persons" for purposes of Section 1983. See, e.g., Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (holding that county jails are not legal entities amenable to suit); Barnett v. Massachusetts, No. 13-10038-DPW, 2013 WL 210616, *3 (D. Mass. Mar. 11, 2013) (holding that a prison is not a suable entity under Section 1983). Here, the complaint is subject to dismissal for failure to state a claim because the Middlesex County House of Correction and the Plymouth County Correctional Facility are not suable entities under Section 1983.

To the extent Myers claims violations of his constitutional right of access to the court, based upon the alleged inadequate access to legal materials, the complaint fails to state a claim upon which relief may be granted. "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."

4

Bounds v. Smith, 430 U.S. 817, 828 (1977). "An incarcerated prisoner, like any other citizen, has a constitutionally protected right of access to the courts." Lewis v. Casey, 518 U.S. 343, 343 (1996). To have standing to seek relief under this right, however, a plaintiff must show actual injury by "demonstrat[ing] that a nonfrivolous legal claim ha [s] been frustrated or ... impeded." Id. at 353 (footnote omitted). see also Boivin v. Black, 225 F.3d 36, 43 n. 5 (1st Cir.2000) ("a prisoner must show actual injury in order to demonstrate a violation of the right of access to the courts").

Myers' allegations are inadequate to state a viable access to the courts claim, as he fails to specify any actual injury to a nonfrivolous legal action. He also fails to identify an person or persons who allegedly denied his constitutional rights. Therefore, the complaint fails to state a viable claim for denial of his right to access to the courts.

## IV.    Request for Injunctive Relief

Myers seeks an emergency hearing and asks this Court to grant him a temporary-permanent restraining order that would, among other things, enjoin the Middlesex County House of Correction from sabotage, retribution and interfering with his right of redress. Compl. at ¶ 24.

To obtain preliminary injunctive relief, a plaintiff must demonstrate: "(1) the plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of an injunction; (3) whether issuing an injunction will burden the defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest." Bos. Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 11 (1st Cir. 2008) (quotation marks and citations omitted). Preliminary injunctive relief is available to protect the moving party from irreparable harm, so that he may obtain a meaningful resolution of the dispute after full adjudication of the underlying action. See Jean v. Mass. State Police, 492 F.3d 24, 26–27 (1st Cir. 2007). " 'The sine

5

qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.' " Esso Standard Oil Co. v. Monroig–Zayas, 445 F.3d 13, 18 (1st Cir. 2006) (quoting New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002)).

Here, the complaint fails to state a claim upon which relief may be granted. As a result, he is unable to demonstrate likelihood of success on the merits and cannot, ,therefore, assert a viable claim for preliminary injunctive relief. Accordingly, his request for injunctive relief is denied.

## V. Request for Appointment of Counsel

In his complaint, Myers has requested appointment of counsel. Compl. at ¶ 25, Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[2] However, a civil plaintiff lacks a constitutional right to free counsel. Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. Id. at 24.

At this juncture, in view of the various deficiencies presented by the Complaint, the Court cannot find that exceptional circumstances exist which warrant appointment of counsel.

---

[2]In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept voluntarily an appointment. cf. 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and payment under the Criminal Justice Act).

Accordingly, Myers' request for appointment of counsel will be denied without prejudice to renew.

## VI. Show Cause Order

In light of the above, the Court will not dismiss this action, but will permit Myers an opportunity to show cause why this action should not be dismissed, or, in the alternative, to file an amended complaint which cures the deficiencies noted herein. An amended pleading normally supersedes the original pleading such that the latter no longer performs any function in the case. See ConnectU LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). Accordingly, the amended complaint shall set forth with particularity each separate cause of action and the party or parties alleged to be liable under that cause of action, and the factual basis for liability, in view of this Memorandum and Order.

**ORDER**

Accordingly, it is hereby ORDERED that:

1) If Myers wishes to proceed with this action, he must, within 42 days of this Memorandum and Order, (1) either pay the $400.00 filing and administrative fees or file an application to proceed *in forma pauperis* accompanied by a certified copy of his prison account statement; and (2) show cause in writing why this action should not be dismissed or file an amended complaint curing the pleading deficiencies noted herein; and

2) The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs and shall also send a copy of this Memorandum and Order to the Treasurer's Office at the prison facility in which plaintiff is incarcerated, in order to facilitate any request by the plaintiff for his certified prison account statement. The Court requests that the Treasurer's Office include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding the date the complaint was filed, as well as the average monthly balance for that same period.

3) The plaintiff's request for injunctive relief is denied without prejudice;

4) The plaintiff's request for appointment of counsel is denied without prejudice; and

5) No summonses shall issue pending further Order of the Court and failure to comply with the directives of this Memorandum and Order will subject this action to dismissal.

**SO ORDERED.**

                                                  /s/ Denise J. Casper
                                                  Denise J. Casper
                                                  United States District Judge